(140 App. Div. 119.)

### DI SANTO v. BROOKLYN CHAIR CO. et al.

(Supreme Court, Appellate Division, Second Department. October 7, 1910.)

LANDLORD AND TENANT (§ 167*)—"FACTORY"—FIRE ESCAPES—DUTY TO SUPPLY.
   The word "factory," a contraction of "manufactory," means a building appropriated to the manufacture of goods, and it is the appropriation of a building to such manufacture that makes it a factory; and so, under Laws 1897, c. 415, § 82, providing that such fire escapes as the factory in-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

spector may deem necessary shall be provided on every factory of a certain number of stories in height, and section 83, providing that if there are no fire escapes the fire inspector may, by order on the owner, proprietor, or lessee of the factory, require them to be provided, when a lessee renders such a building a factory by installing machinery therein and devoting it to manufacture, he, at least, is under duty to provide it with fire escapes, and so is liable for death of one from fire, due to the absence thereof.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 668–679;  Dec. Dig. § 167.*

For other definitions, see Words and Phrases, vol. 3, pp. 2642, 2643.]

Appeal from Trial Term, Kings County.

Action by Elizabeth Di Santo, administratrix of James Di Santo, deceased, against the Brooklyn Chair Company and others. From a judgment for plaintiff, and from an order denying a motion for new trial, said defendant company appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, BURR, and RICH, JJ.

Frederick Hulse, for appellant.

Martin T. Manton, for respondent.

WOODWARD, J.  Plaintiff's intestate, her husband, was concededly burned to death in a fire which occurred in the factory of the Brooklyn Chair Company in February, 1904. There is no question raised upon this appeal that the death of plaintiff's intestate was due to the fact that there were no proper and adequate fire escapes provided, and the only question to be decided is whether the defendant Brooklyn Chair Company, the lessee of the building, owed a duty to the decedent to have such fire escapes. ·

At the time of the fire, sections 82 and 83 of chapter 415 of the Laws of 1897 were in force, and these sections provided that:

"Such fire escapes as may be deemed necessary by the factory inspector shall be provided on the outside of every factory in this state consisting of three or more stories in height. Each escape shall connect with each floor above the first, and shall be of sufficient strength, well fastened and secured, and shall have landings or balconies not less than six feet in length and three feet in width, guarded by iron railings," etc.

And section 83:

"If there is no fire escape, or the fire escape in use is not approved by the factory inspector, he may, by a written order served upon the owner, proprietor or lessee of any factory, or the agent or superintendent thereof, or either of them, require one or more fire escapes to be provided therefor, at such locations and of such plan and style as shall be specified in such order."

The owner of the building, who was sued jointly with the Brooklyn Chair Company, does not appeal from the judgment; but the Brooklyn Chair Company is here contending that, as it was not the owner of the building, it owed no duty to the plaintiff's intestate in reference to the maintenance of fire escapes. It is to be observed that the statute does not say who shall erect fire escapes. It merely declares that such fire escapes as may be deemed necessary by the factory inspector "shall be provided on the outside of every factory in this state consisting of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

three or more stories in height," and leaves the question as to who shall construct them to the determination of the interested parties in the first instance, subject to the power of the court to construe the provision in its relation to practical questions.

The word "factory" is a contraction of "manufactory," which is defined to be a building or collection of buildings appropriated to the manufacture of goods. 12 Am. & Eng. Ency. of Law, 705. It is the appropriation of a building to the manufacture of goods which constitutes it a factory, and it is only when a building is thus appropriated, and it is more than two stories in height, that it comes within the provisions of the law. The owner of a building three or more stories in height owes no duty to place fire escapes upon it so long as it is a mere building; it is only when it becomes a factory that this duty arises. When a corporation like the Brooklyn Chair Company leases a building from the owner it is merely a building; it becomes a factory only when the lessee places machinery therein and devotes it to the manufacture of goods. It is the lessee who, by his own act, transforms the building into a factory, and then the duty arises to provide fire escapes; and whatever we might be disposed to hold in so far as this duty related to the owner of the building, it is clear, we believe, that the lessee, who is in possession for the very purpose of transforming a mere building into a factory, giving rise to the duty, cannot be held to be free from the obligation imposed by the statute.

The defendant who is here appealing criticises the charge of the learned court; but we are of the opinion that the charge is not open to objection by the defendant, that it was fully as liberal as there was any justification for, and that the verdict of the jury should not be disturbed.

The judgment and order appealed from should be affirmed, with costs. All concur.